IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

**ELIZABETH K. SHIBAHARA,**

    Plaintiff,

vs.

**STATE OF OREGON, et al.,**

    Defendants.

Case No. 6:23-cv-01272-AA
**OPINION AND ORDER**

AIKEN, District Judge:

Plaintiff Elizabeth Shibahara brings suit under 42 U.S.C. § 1983 against twenty-one governmental Defendants[1] for alleged constitutional violations. Before the Court is Defendants' Motion to Dismiss, ECF No. 9; Plaintiff's Motion to Compel, ECF No. 8; and Plaintiff's Motion to Stay, ECF No. 12. For reasons explained below, Defendants' Motion to Dismiss, ECF No. 9 is GRANTED. Plaintiff's motions, ECF

---

[1] Named in Plaintiff's Complaint, Defendants are: the State of Oregon, Holly Catalina, Laura Ramirez Marin, Stacie Navarro, Alyssa Cauble, Amelia Ballard, Anastasia Tibbetts, Rachael A. Jones, Sonya Faulkner, Nathaniel Aggrey, Jodie Bureta, Denise Fjordbeck, Benjamin Gutman, Ellen Rosenblum, Dasia Thompson, Four "unknown" Does, Julie Spencer, and Sara Stankey.

Nos. 8 and 12, are DENIED as moot. This case is DISMISSED. Judgment shall be entered accordingly.

## BACKGROUND

Plaintiff's Complaint, ECF No. 1, alleges constitutional violations based on fraud and deceit nearly identical to those arising out of her litigation in *Shibahara v. State* 20CV14008, a state circuit court judicial review of an administrative order pursuant to ORS 183.484. There, Plaintiff argued that Department of Human Services ("DHS") based its final order on altered documents, lies, and falsified emails. The state court affirmed the final order, after a multi-day trial, upholding three founded dispositions of child neglect against Plaintiff.

Now, Plaintiff brings suit against the DHS employees and supervisors involved in investigating and issuing the final order. Plaintiff is also suing the Oregon Department of Justice ("DOJ") attorneys involved in the litigation and appeal of the circuit court case and the circuit court judge who affirmed the final order.

In her Complaint, Plaintiff challenges the validity of evidence admitted at her trial and asserts that DHS caseworkers made false statements and produced fraudulent documents in their investigation. Compl. at 11-14. Plaintiff maintains that the state court violated her substantive and procedural due process rights by "ignoring evidence of fraud." *Id*. at 14. Plaintiff includes "Ellen Rosenblum and Benjamin Gutman as Defendants, asserting that "their names have been on everything that [DOJ attorney] Denise Fjordbeck filed with the [state appellate]

court." *Id*. at 19. She names other DOJ attorneys as Defendants, claiming that they engaged in malicious prosecution. *Id*. at 20.

## LEGAL STANDARD

When reviewing a motion to dismiss based upon failure to state a claim, the facts alleged in a complaint are to be taken as true and must "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Mere legal conclusions "are not entitled to the assumption of truth." *Id*. The complaint must contain more than "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must plead "enough facts to state a claim to relief that is plausible on its face." *Dougherty v. City of Covina*, 654 F.3d 892, 897 (9th Cir. 2011). Further, plaintiff must satisfy Rule 8(a), requiring a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When reviewing a motion to dismiss based upon lack of subject matter jurisdiction, the court accepts the facts alleged in the complaint as true. *Manufactured Home Communiti*es Inc. v. City of San Jose, 420 F.3d 1022, 1025 (9th Cir. 2005). Pro se pleadings should be held to "less stringent standards" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## DISCUSSION

### I.  DHS Defendants

The named DHS Defendants are Ballard, Catalina, Faulkner, Jones, Navarro, Ramirez Marin, Spencer, Stankey, Thompson, and Tibbets. Plaintiff argues that

DHS Defendants lied, altered evidence, and committed fraud by issuing a final order based on falsified evidence. Plf. Resp. at 18. Defendants assert that Plaintiff's complaint is barred by the *Rooker-Feldman* doctrine, as a de facto appeal of the decision of the state court.

### A.    *Rooker-Feldman Doctrine*

The *Rooker–Feldman* doctrine has evolved from the two Supreme Court cases from which its name is derived. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, (1983). *Rooker–Feldman* prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment. *Bianchi v. Rylaarsdam,* 334 F.3d 895, 898 (9th Cir.2003).

In part, this prohibition arises through a negative inference from 28 U.S.C. § 1257, which grants jurisdiction to review a state court judgment in the United States Supreme Court. *In re Gruntz,* 202 F.3d 1074, 1078 (9th Cir.2000) (en banc). That is, while § 1257 explicitly authorizes the United States Supreme Court to hear an appeal from a state court judgment, it impliedly prohibits the lower federal courts from doing so. If a plaintiff brings a de facto appeal from a state court judgment, *Rooker–Feldman* requires that the district court dismiss the suit for lack of subject matter jurisdiction.

For *Rooker–Feldman* to apply, a plaintiff must seek not only to set aside a state court judgment; he or she must also allege a legal error by the state court as the basis for that relief. *Noel v. Hall,* 341 F.3d 1148, 1164 (9th Cir.2003) ("If a federal plaintiff

asserts as *a legal wrong* an allegedly erroneous decision by a state court, *and* seeks relief from a state court judgment based on that decision, *Rooker–Feldman* bars subject matter jurisdiction in federal court.") (emphasis added).

The doctrine bars de facto appeals from a state court decision and any issue raised in the suit that is "inextricably intertwined" with an issue resolved by the state court in its judicial decision. *Noel*, 341 F.3d at 1154 (9th Cir. 2003). A claim is "inextricably intertwined" with a state court judgment if the federal claim can succeed only to the extent that the state court wrongly decided the issues before it, *Doe & Assocs. Law Offs. v. Napolitano*, 252 F.3d 1026, 1029-30 (9th Cir. 2001), or "where the relief requested in the federal action would effectively reverse the state court decision or void its ruling," *Cooper v. Ramos*, 704 F.3d 772, 779 (9th Cir. 2012) (quotation marks omitted). "In contrast, where the federal plaintiff does not complain of a legal injury caused by a state court judgment, but rather of a legal injury caused by an adverse party, *Rooker-Feldman* does not bar jurisdiction." *Noel*, 341 F.3d at 1163.

B.  *State Court Proceedings*

Plaintiff filed a petition for judicial review of the DHS Final Order, which initiated the case *State v. Shibahara*, 20CV14008. *See* MTD at 31 (petition attachment). In that petition for judicial review, Plaintiff raised allegations that the DHS final order was based falsified, manufactured, and altered evidence and that DHS purposefully defrauded plaintiff. *Id*. at 31, 36-37. Plaintiff asserted that DHS made up an imaginary witness to provide false testimony. *Id*. at 38-40. Plaintiff

Page 5 – OPINION AND ORDER

alleged that DHS lied in its reports. *Id.* at 40. Defendant Circuit Court Judge Jodie Bureta affirmed the Final Order against Plaintiff in a general judgment. MTD at 11 (general judgment attachment). Plaintiff filed a motion in the Oregon Court of Appeals and requested punitive damages, and the appellate court denied that motion. Compl. at 24. While litigating that motion in the appellate court, Plaintiff states that she learned that damages may be available in federal court upon a successful claim brought under § 1983. *Id.*

C.     ***Federal Court Proceedings***

As she did in her state court petition for review, Plaintiff alleges that DHS Defendants manufactured, altered, and fraudulently relied upon evidence to find that Plaintiff committed child abuse and neglect resulting in the removal of her four grandchildren from her foster care. Compl. at 10-15, 17. Plaintiff asserts that Defendant Judge Jodie Bureta "refused to do any fact finding based on the evidence presented at trial." Plf. Resp. at 4, ECF No. 10. Plaintiff also argues that Judge Bureta erred by employing the wrong standard of review. *Id.* at 4 ("the standard of review . . . was not followed in court."); *id.* ("a judge would know and determine it is legally erroneous for [DHS] to base any finding upon evidence they falsified, created, altered."); Compl. at 19 (the state court "ignored all of [Plaintiff's] statements and evidence. Instead, they decided the unverified email . . . and the falsified and fraudulent statements contained in the investigation were the only evidence to be considered" and "upheld."). Plaintiff asserts a claim under § 1983, stating that all

Page 6 – OPINION AND ORDER

Defendants violated her rights under the Fourteenth Amendment by depriving her of life, liberty, and property without due process. Compl. at 9.

D. Application

The Court finds that Plaintiff effectively seeks to set aside the state court's judgment in her civil case, and that *Rooker-Feldman* therefore bars this Court's jurisdiction over that claim. Plaintiff is essentially inviting direct district court review of the evidence supporting the state court's judgment of dismissal and a rejection of that judgment—in other words, Plaintiff's claim that the erroneous state court ruling deprived her of her constitutional rights involves an impermissible de facto appeal of a state court judgment.

An evidentiary review of the emails, statements, and reports in Plaintiff's DHS proceeding to determine whether those reports were falsified or fraudulent would necessarily involve an issue "inextricably intertwined" with the state court's judgment. *See Murphy v. JP Morgan Chase*, 2011 WL 6122642, at *4 (S.D. Ohio Dec. 8, 2011) (concluding that arguments that a loan officer committed fraud and perjury in a state foreclosure proceeding was "inextricably intertwined with the foreclosure proceedings and constitute arguments that the state court was wrong in entering judgment" and thus foreclosed by *Rooker-Feldman* doctrine); *Read v. Zugibe*, 2011 WL 1642049, *1 (S.D.N.Y. 2011) (concluding, where the plaintiff alleged that "his conviction was procured through perjury and the falsification of documents by the police and prosecutors," that jurisdiction was lacking under the *Rooker-Feldman* doctrine).

Page 7 – OPINION AND ORDER

Although not styled as an appeal from the state court judgment, it is difficult to see how the Court could grant any relief to Plaitiff without first determining that the state court judgment was erroneous. The court could not grant relief without declaring the judgment invalid, which is precisely what the *Rooker-Feldman* doctrine prohibits this court from doing. The *Rooker-Feldman* doctrine therefore bars this Court's jurisdiction over Plaintiff's claims against DHS Defendants.

## II.    DOJ Defendants

Defendants assert that Plaintiff's claim against DOJ Defendants fails because DOJ Defendants are entitled to absolute prosecutorial immunity. The named DOJ Defendants are Aggrey, Fjordbeck, Gutman, and Rosenblum. Plaintiff alleges that the DOJ employees assigned to the state case maliciously prosecuted her by relying on DHS's allegedly false and fraudulent evidence at trial and on appeal. Compl. 18-19. Defendant Aggrey was the DOJ attorney who litigated the matter in circuit court, allegedly based on the fraudulent and false evidence. *Id*. Defendant Fjordbeck is the DOJ attorney that is handling the matter on appeal in the Oregon Court of Appeals, who "attempted to convince the Court of Appeals that there is no evidence of fraud at all on the record." *Id* at 19. There are no specific allegations against Defendants Rosenblum and Gutman, other than that their names are on all pleadings filed in *State v. Shibahara* 20CV14008. *Id*.

State attorneys acting within scope of their duties are absolutely immune from civil suit for damages under § 1983 for alleged deprivations of constitutional rights. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). An attorney in the Attorney General's

Page 8 – OPINION AND ORDER

Office is immune from lawsuits for any action he commits while discharging his official litigation-related duties, whether sued in his official or individual capacity. *Read v. Haley*, 6 3:12-cv-02021-MO, 2013 WL 1562938, at *9 (D Or Apr 10, 2013).

Here, the alleged conduct of Defendants Aggrey and Fjordbeck relate exclusively to their official ligation duties in the circuit court and court of appeals respectively. Thus, they are afforded absolute immunity from this suit. Similarly, Plaintiff makes no specific allegations against Defendants Rosenblum and Gutman as to their involvement with the alleged facts. Thus, the Complaint should be dismissed for failure to state a claim against them. However, even to the extent that Defendants Rosenblum and Gutman are named, they are similarly immune from suit as they simply signed on to pleadings submitted by the other DOJ Defendants. Therefore, Plaintiff has failed to state a claim against DOJ Defendants upon which relief can be granted.

### III. Defendant Judge Jodie Bureta

In response to Defendants' MTD, Plaintiff concedes that Defendant Judge Jodie Bureta should be dismissed from this matter by agreement of the parties. Plf. Resp. at 3; Def. Reply a 2.

### IV. Dismissal Without Leave to Amend

As explained above, each of Plaintiff's claims fail and must be dismissed. The Court has discretion in determining whether leave to amend is appropriate. The Supreme Court has instructed, however, that the lower federal courts should heed the command of Rule 15(a), Fed. R. Civ. P., by "freely granting leave to amend when

justice so requires." *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973). "The purpose of pleadings is to facilitate a proper disposition on the merits." *Id.* The propriety of a motion for leave to amend is generally determined by reference to several factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. *Hurn v. Ret. Fund Tr. of Plumbing, Heating & Piping Indus. of S. California*, 648 F.2d 1252, 1254 (9th Cir. 1981).

The Court finds that the Complaint must be dismissed without leave to amend based on futility of amendment. Amendment is futile if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense. *Hunthausen v. Spine Media, LLC*, 678 F. Supp. 3d 1228, 1232 (S.D. Cal. 2023). Thus, leave to amend should be denied where the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency. *Id.* There are no new facts that Plaintiff could allege against DHS or the DOJ attorneys, consistent with her claims, that would cure the defects outlined above.

## CONCLUSION

For the reasons explained above, Defendants' Motion to Dismiss, ECF No. 9 is GRANTED. Plaintiff's motions, ECF Nos. 8 and 12, are DENIED as moot. This case is DISMISSED. Judgment shall be entered accordingly.

IT IS SO ORDERED.

Dated this 12th day of   June   2024

/s/Ann Aiken

Ann Aiken
United States District Judge